All right, our next case is 24-6189 United States v. Jones. Mr. Rose. Thank you, Your Honor. May it please the Court. My name is Kiefer Rose and I represent Mr. Jones. Your Honor, there's a lot going on in this case. There's a lot of moving parts. But I submit it's best organized into three reasons why a prior firearm conviction was admitted, was improper after Mr. Jones truthfully admitted to a different drug dealing conviction. First, is the district court never engages in a Rule 609 or Rule 404B analysis at trial. Second, the government's stated purpose was to give the jury a complete picture of Mr. Jones as a violent felon who was knowledgeable about firearms because he's committed this exact crime before. Where does the violence fit in just from having a felon in possession? It doesn't, Your Honor. And that was part of my confusion with the government's assertion because Mr. Jones doesn't have any violent convictions. But I think the issue here is the stated purpose by the government was they were wanting to show that he was violent and had knowledge of firearms. I'm probably mistaken, but I thought you were arguing that this evidence of a prior felon in possession showed the defendant to be violent to the jury. And I'm not sure I follow that. No, Your Honor. And I tried to clarify this in my brief and I probably didn't do a good enough job. I submitted that Mr. Jones, he's not a violent felon. But the government tells the district courts they should be able to admit this evidence to show he's a violent felon. And that is the problem, is the proffered evidence by the government is direct propensity reasoning and improper under both rules. Under either rule, the district court's reasoning fails both procedurally and substantively. Both 609 and Rule 404B have different standards that are pretty heightened to protect against the admission of character evidence for the improper propensity purpose. The fundamental question of Rule 609 goes to truthfulness, while 404B deals with a prior or deals with admitting the prior bad act for a proper purpose. Here, the district court never really engages in either standard. It holds that it finds that the relevance of the firearm prior increased because Mr. Jones mentioned that he was convicted of the drug dealing prior. Apart from engaging in any of the rules, it doesn't even go through a general prejudicial analysis on that prior. Further, the court sides with the government ultimately, which indicates that it adopted its stated propensity reasoning and that creates even more of an issue. What's worse, the district court dealt with this exact prior conviction pretrial on 404B motion. And it held that it doesn't even pass the less stringent 403 test, noting this is extremely prejudicial because it's an identical prior and also pointing out that it has serious issues with the age of the conviction and with the fact that the government didn't put forth any specific facts. None of these concerns are addressed at trial. The court just held Mr. Jones admitted truthfully that he has a separate drug dealing prior. Therefore, the relevance increased. But it was more than that. He said, I have a marijuana conviction. And a juror might not think a marijuana conviction is a real big deal. And so once the defendant says that, then doesn't it open it up? In other words, had the defendant not said that, none of this would have happened, right? No, Your Honor. I don't know if this would have happened because I would put forth that the record shows the government was waiting for any opportunity to get this evidence in after the court denied a pretrial. But to your point, Your Honor, yes, the admission that this was just a marijuana drug dealing prior certainly may soften the sting of it, which was why defense counsel solicited it because they didn't want the government to impeach them with it. But that's not the question under either of these rules. Opening the door deal is more of a Rule 404A, and it requires the defendant to put forth his character, and that might open the door. Here, dealing marijuana does not make somebody more credible. No reasonable jury hears, oh, this guy's a marijuana dealer? He must be an honest, upstanding man. And that's the question under 609 is his character for truthfulness. And secondly, Your Honor, both Rule 609 and 404B deal with prejudice to the defendant, and it's made to protect against this character reasoning. The government's stated prejudice in their case was he didn't disclose all of the facts that we would have disclosed. And nowhere does that have a basis in the law. In fact, if defense counsel solicited that he had knowledge of prior arms, multiple convictions, and all of these other things, I would probably be arguing an ineffective assistance of counsel motion instead of this motion. The point is that Mr. Jones' testimony was entirely truthful. He does not claim he didn't know about firearms. He does not claim he's never possessed a firearm. He doesn't even talk about firearms. He says he didn't possess a firearm in this case. Well, correct. Which was when the government said, all right, then we're going to, under the Moran case, we're going to seek to admit the prior firearm conviction, right? Isn't that what prompted it when he testified, oh, that gun wasn't his? And that it actually said it's his, referring to his passenger, somebody else's gun? Isn't that what made it relevant in coming in under 404B? Isn't that when the government sought its admission? No, Your Honor. And thought it reconsidered? Or what point was that? That was certainly the issue pretrial, which the court denied the government's request. I understand, but the court made it clear that it was subject to reconsideration, depending on how the evidence came in. Well, Your Honor, in the trial transcript, the court does mention that. But when you look at the 404B motion pretrial, it's pretty definite. But the bigger point, Your Honor, I don't want to get lost here, the bigger point is that this comes in not after Mr. Jones asserts his general defense that he didn't possess the firearm. It comes in immediately after he testifies to this drug-dealing conviction in both the district or in both the United States Attorney and the district court connected to that. The court states because he admitted to this drug-dealing prior, now it's more relevant. So the analysis is all centered around this conversation. And further, again, the district court denied this under the Moran general knowledge idea previously, and there's no explanation or there's no engagement to indicate that they changed their mind because they don't address any of the issues that they had in that motion. Did defense counsel approach the court and say, here's what I'm planning on asking, and I want you to stop them right now, motion in limine, from bringing up the felon in possession so that the court was on notice and wasn't scrambling to make a decision? Your Honor, I'm not 100% sure on that, but I don't believe that they did. I think everyone, correctly or not, my impression is everyone was operating under the assumption that the stipulation or that the pretrial 404B motion meant that nobody could talk about the prior felon in possession conviction for either purpose. Was the drug conviction what led to the previous felon in possession conviction? Your Honor, are you asking if that was the basis felony that led to that? I honestly don't know. I'm sorry. Okay. But he had stipulated to having a prior felony, right? Right. So, you know, the only issue at trial was possession of the firearm, right? And, you know, once he testifies the way he did, the government's entitled to test his credibility. And, you know, that's what the 609 impeachment rule is all about. I mean, what error did the district court make in allowing that limited testimony? Your Honor, are you asking under 609 specifically? Well, Your Honor, the district court made multiple errors. First is they don't engage in the correct fundamental question of Rule 609, which is character for truthfulness. Everything that's asserted is this knowledge of firearms. He's got a character to be violent. He's got character to commit the same crime before, which are all explicitly rejected purposes. That I know this court talks about some of those in United States v. Smalls. These are rejected propensity purposes. So the fact that the government or that the district court seemingly adopts these shows that this was admitted for an improper purpose. Secondly, Mr. Jones's admission to being a drug dealer, like I said earlier, doesn't make him substantially more honest with the jury, even if it is marijuana. And introduction of the prior firearm conviction, when we look at the Smalls factors, which is what we're supposed to do, four out of five of them favor inadmissibility, something the government doesn't even dispute on their briefs. So this wasn't about truthfulness. This was about a propensity purpose, which is explicitly rejected. So for those reasons, Your Honor, that's why the district court abused its discretion. If I could quickly move to harmlessness, two quick reasons why this decision, this error, was not harmless. Number one, the government relies on flight and proximity to argue that the evidence was overwhelming. But based off this court's precedent, both of those pieces of evidence have minimal evidentiary value. And secondly, the prejudice of improper character evidence and the way it was introduced was extreme and unfairly tarnished Mr. Jones in a pure credibility case. The government cannot meet their burden to show this is overwhelming, because this court's precedent, namely, on flight, it's United States v. Samora, which states defendant's flight has little, if any, persuasive value to the defendant's knowledge of a firearm. And on proximity, this court's decision in United States v. Roach, which said that in a conclusively possessed area, on a constructive possession case, which is what we have here, the court makes clear that proximity alone is insufficient without a significant nexus connecting the two, which was not presented. Even if this court disagrees with Mr. Jones's sufficiency of the evidence argument, it seems like a giant leap to then call this exact evidence overwhelming. What do you do about his statement about the gun? Your Honor, the statement about his gun, or about the gun, goes directly to it being about the passenger. And it fits into his narrative, which is consistent with why he ran. He's driving down the road in a stranger's car. Just got, just started doing this. Three cop cars come. He's like, what do you got in this car? You got something. And he panics. And clearly he acts irrational. But his statement that, hey, the passenger had a gun, doesn't, isn't really, doesn't hold much evidentiary value, especially assuming that he possessed the gun, which I'm not conceding. But if he would have known he grabbed it and ran, so why would he say the passenger's got it? It has little evidentiary value. Your Honor, if there's no further questions, I'd like to reserve the rest of my time for rebuttal. Okay, thank you. Thank you.  May it please the Court, David Nichols on behalf of the United States. I'll first start by saying this Court did not abuse its discretion in allowing what was essentially two questions by the government to be asked of Mr. Jones. There are two things going on that Mr. Rose already talked about. Yes, there's a 404 situation that happened pre-trial. What is relevant about that for this Court to consider is that pre-trial, as the district court ruled in its ruling disallowing that evidence, we had a stipulation in place per old chief, and I was instructed not to talk about it because the stipulation was more probative and less prejudicial than talking about the prior conviction. The only thing to change were all choices made on the defense side. So by the time we come to the government asking that question about the one prior conviction, by that point Mr. Jones had chosen to testify, which as this Court's already talked about, is what puts his credibility at issue just like any other witness. He chose to lay aside the stipulation and ask a question about one prior conviction. I would submit to the Court that trial counsel asks questions for a reason. Why would the trial counsel ask about that case in particular? Skipping over the felon in possession, which is a more recent case than the drug possession that they actually do talk about. I would submit the reason they did that is specifically to paint a picture of this person sitting on the stand, not as a person who gets in high-speed chases with police and runs from police and tries to dump guns as they jump over fences, but rather a person who 10 years ago might have dealt the least offensive type of drug possible in this modern world that we live in. That is painting a blatantly inaccurate picture of him as the person who's trying to tell his story to the jury. And so the government, yes, in the first instance before trial we wanted to admit, per the mayor's case, the prior conviction for felon in possession to go to his knowledge element in the current felon in possession. But at the point he chose to take the stand and misrepresent, I would argue, his priors, the calculus changes, which is what the district court is wrestling with in that moment. Which, to be candid with the Court, was a surprise, I would suspect, to trial counsel as well as the district court, that they would ask that question when they have the stipulation in place. General practice, I would suggest, is that if you have a stipulation in place, no one talks about your prior convictions. That's simply how trials play out. So to choose to talk about that one in particular, I would submit, was to paint the inappropriate picture. Let me be clear to you. The basis for, you didn't seek to admit the prior conviction until basically as impeachment evidence, and after he discussed the marijuana conviction. Yes, Your Honor. But he'd already testified, he'd also testified that the gun wasn't his. He had. And so, but you weren't seeking to admit it under Moran? In retrospect, I could have. That's the first argument you make in your brief, and I'm a little confused as to what your position is here. The brief actually reflects what was argued to the district court also. The first part of what we talked about in the bench conference before the district court. In pre-trial, right? No, in the actual moment when we approached the bench and talked to the district court, it was talking to remind the district court of its 404 analysis. But truly, the defendant had gotten up there and said this thing. And so at that point, it talks about, said the thing about the prior 2012 marijuana conviction. So at that point, I think it increased the probative value of the 2017 firearms conviction, which both is more recent, but also helps to counter this idea that he's got a 10-year-old nonviolent drug felony conviction. And it's true that no one puts violent, violence is not necessarily the theme of it, but I submit that's the exact reason they asked. The question about that specific prior is because I would submit in the minds of most Oklahoma jurors, marijuana is a nonviolent offense, and especially being removed by 10 years, as opposed to actually 11 years by the time the trial happened, as opposed to I believe it's six years for the felon in possession, does a couple of things. One, it demonstrates he's not a felon with 10-year-old conviction, 10-year-plus-old conviction. He's actually a felon who has a much more recent conviction. And to the extent he didn't want the jurors to know about that, I submit that goes directly to his credibility. That's exacerbated by the comment he makes about, yes, but it's only marijuana, because again, that is underscoring for the jury that his prior conviction is for something that I would submit they were asking it so that the jury wouldn't have to worry about it because it's a prior marijuana conviction. It also was asked very specifically of him, you have a felony conviction from 2012 for possession with intent to distribute marijuana. That brings up the second reason why the probative value of the felon in possession from 20, the later felon in possession prior becomes relevant, because to get up there and ask that question, have that answer, say that it's only marijuana, that all implies two things. One, that it's a nonviolent marijuana, and that it is the only one, because he has stipulated it as a felony conviction, and he's now been asked, you have a felony conviction from 2012 Oklahoma County. Could have asked generically, though. You had another felony conviction in year X and moved on, right? They could have. There are lots of ways to ask questions, but I would submit that trial counsel thinks about their questions in advance and asks them for specific reasons. And I think that reason is what I've already suggested, which is to imply that he only had one prior conviction and it was for a nonviolent. At best, that's a lie by omission, I would submit. At worst, it is actually trying to describe a situation where the person sitting before you is this nonviolent offender from 11 years ago, as opposed to someone who has this more recent prior. When we look at the second, so the first small factor, I would submit, the impeachment value became pretty high based on what Mr. Jones said on the stand. The second factor having to do with timing, I think it's relevant to the question I believe Your Honor asked in Mr. Rose's portion. It is true, the possession with intent to distribute gives rise to the felon in possession of a firearm, which gives rise to the revocation of the possession with intent to distribute sentence. So while they are separated by a certain number of years, timing-wise, the possession with intent to distribute, he began serving that sentence October 1st, 2014, finished it 2015. The probated portion of the possession with intent was revoked May 17th for the arrest on possession of a firearm, which led to further incarceration. So they are somewhat separated, but they are separated in large part by incarcerated time, both from the original possession with intent offense, or from the original possession with intent. The third factor, the similar nature of the charge, that is, it's obviously very similar in the fact that you have him on trial for a felon in possession of a firearm, federal case, and then you have this state prior for felon in possession of a firearm. However, I would submit to the court, the government's argument doesn't change all that much based on what that prior conviction was for. It would still be relevant and probative if it were any number of other crimes, both because it was more recent and because it demonstrates that he doesn't have simply one prior conviction. I would submit that the district court similarly changed. I mean, the district court makes the reference to, I will start where the motion in limine left off, but I don't understand what the, Mr. Rose, I think, points out that there's a murky balancing test being applied, but the district court pretty clearly in the bench conference, which is, again, put in the district court's lap pretty unexpectedly, rules that the probative value, based on what Mr. Jones has testified to of the prior conviction for felon in possession, has increased over the prejudicial value of it. As this court has repeatedly said, district courts, when deciding this stuff, have very broad discretion, and I think it is noteworthy that the district judge, sitting through this entire trial, hearing how that evidence came out, hearing how Mr. Jones presented his answers and questions to the jury, used his broad discretion to say that, you know what, the balance has changed and the rule has changed, and in my assessment at that point, the district judge determined that the balance weighed in favor of admission. I would also point out that to the extent the concern with introducing that prior conviction has to do with the forbidden propensity, that's simply not what happened here. You had a jury, first of all, the government asked its two questions, one, whether you had the prior felon in possession conviction, and two, did you know you weren't supposed to have a gun. No further mention of it. Defense counsel doesn't talk about it in closing argument. Government doesn't talk about it in closing argument. The jury doesn't go back to the deliberation room and say, you know what, he's done it once before, he did it this time, and make a snap judgment that you would expect from a propensity determination. Rather, they chewed on it for several hours, asking questions about the factual narrative that Mr. Jones had given on the stand. So clearly, they were doing the work of a jury in assessing the credibility of Mr. Jones. They were not taking the shortcut that one might expect if they believed the propensity rationale from that prior conviction. And even to the extent that there was some sort of error, I would submit it falls under the harmless error analysis per Gould. And for all those reasons, I don't think it had a substantial impact on the outcome of the case. The case I would submit was a powerful, circumstantial case. You have a case unlike the Samora case that my friend referenced. You don't have a proximity issue. You have a case where, by his own admission, Mr. Jones is the one who leads police on this high-speed chase. He is the only one who jumps out of the car, leaving his passenger in the car. You have testimony from officers Reidner and Gangnagel that no guns are found in the car or on the passenger. The only gun they find that night is the one laying a hands-width away from Mr. Jones on the ground, dry, on a wet ground, even though both officers testify it had been raining. It was raining enough that one of them slipped when they're chasing him back into the fenced-in area, and yet the gun is laying there dry. It's also, as this Court's observed, noteworthy that the only person who mentions a gun being at the scene is, in fact, Mr. Jones, and he tries to lay it off on the passenger. So I think that, compounded by the fact that the jury's several questions had nothing to do with the prior felon in possession, demonstrate that they had a lot to work with and that there was a powerful circumstantial case such that I would submit that the admission of the prior felon in possession did not have a substantial impact on the outcome of this case. And for that reason, I would ask. Does the record reveal whether the District Court admitted the conviction under 404B or 609? Can you tell? Yes. I don't believe the District Court says, but I do think that the, and I can't quote the District Court as I stand here, but I believe that in that bench conference, first of all, the District Court says, I'll start at the point the motion in limine went off, left off, then he thinks about it for a few minutes, then he comes back and says, I believe the situation has changed. And his ruling is that he, based on what was said, he finds the, I probably do have an actual quote somewhere, finds the probative value of the prior conviction and what it, the situation changed. The probative value of what the 2017 conviction was for and a simple description of it outweighed the prejudicial effect. So which one was it? I would submit he was ruling under 609, which is also amplified by the fact that's the instruction he gives. Also, the vernacular of probative value outweighs the prejudicial effect. There's no substantial prejudicial effect or whatever the 404 language is. But certainly by the time we get to the instructions and he's instructing them on 609 impeachment as opposed to 404, I would submit it's obvious that he submitted it or he approved it. So we shouldn't consider affirming under 404B? I don't believe so. I will submit I think the district court should have admitted it under 404B in the first instance, but I do think his ruling was based on 609. So your argument in your brief about 404B, we should just set it aside? That's your primary argument. I would submit the primary, I talk about a lot about it because that is most of what the district court analyzed before, in pre-trial. But when you actually raise the issue with the district court, it's after he's testified about his conviction. Yes. Marijuana conviction. And admittedly, in that bench conference with the district court, it was less than clear which one we were proceeding on until the very end, in my opinion. So 404 occupied most of what the district court thought about the issue, but I do think their final, his ultimate ruling was under 609. What additional help is the felon in possession conviction as far as attacking his credibility? I'll circle back to the fact that he has just told, in that context, he has just told the jury that I have one prior felony conviction from 11 years ago for possession with intent to distribute marijuana. Which was true, what he said. It is true, and it is a lie by omission in the sense that he is isolating it to one thing. And it is not true that he has a felony conviction, in my opinion. He answered what he got asked. He did, but I would submit to the court that the defendant and their defense attorney, they think about the questions that are being asked in the same way the prosecution thinks about the questions being asked. So I would submit that was a calculated risk that they took to ask him that particular question to get that response. Well, here's how I understand the credibility. The criminal conviction is for the jury to consider, oh, this person may not be someone who tells the truth. And so when he says that that wasn't his firearm, we should be even more skeptical because he's a convicted felon. And I don't see how that additional felony gives much of anything on that side of the equation as far as that firearm that's there. I would humbly suggest that in him testifying to that, and I know I've gone over time, but thank you. I would humbly suggest that him telling about that one prior conviction, removed by all those years, paints a certain picture of this person telling you the story to the jury. And it is relevant to the jury's determination of his credibility to know that in telling them that, he might not have been telling them the whole truth, and he might not have been telling them an accurate picture of the truth. He answered the question. He did. That is the heart and soul of what evidence is. But the evidence the jury had before, based on his answer to the question, I would submit painted an inaccurate picture of him that allowed the prior felon in possession to become more probative to showing the jury that maybe he's not telling them the truth about his criminal history, and maybe he's not telling them the truth about not possessing the gun. Thank you, counsel. Mr. Rhodes, you have some rebuttal. Thank you, Your Honor. Quickly, I want to go through some of these points. It's a lot. The government has now admitted it's under 609. That should be the only purpose. That helps me isolate a single issue rather than trying to argue this broad spectrum. So I want to get a couple points out. The government's brief on 609 is about two paragraphs of analysis, and it doesn't go through the smallest factors. He discusses them today, but it doesn't really go through with them. I think it just talks about the probative value and the prejudice. The government's argument throughout this entire process has been that Mr. Jones didn't paint himself in the correct picture by truthfully admitting to a prior. This prior could have been used for impeachment purposes, and defense counsel's decision was to take the sting. But the most important point here is that the government is essentially asking this court to reverse the 609 standard to where it applies to them. They found it prejudicial that Mr. Jones didn't adopt the narrative they wanted, even though he told the truth, that they didn't admit to multiple priors, that they wanted to pick a 2012 prior versus a highly prejudicial 2017 prior. That is absurd. That is not on the defendant. The defendant has a duty and a right under the Constitution to present a fair trial. Now, he has to be truthful, which he was, but in no way does he have to adopt the government's narrative. Well, he was truthful, but he also arguably attempted to minimize the prior conviction. He's asked if it was a distribution of a controlled, dangerous substance, correct? And he says yes, but then he adds on, not to excuse it, but it's marijuana. There was that little extra line there. Yes, Your Honor. To suggest that prior conviction was no big deal. Yes, Your Honor, and again, the defendant has a right to frame these issues. The government doesn't get to claim prejudice, but most importantly, that comment, while marijuana may be culturally more acceptable than cocaine, Your Honor, I see I'm out of time. Go ahead. Rather than dealing cocaine, and a jury might go, okay, well, yeah, that's a little better. It doesn't go to truthfulness, which is the only thing that can be considered under 609. It doesn't make the jury go, man, I believe this guy because he sold marijuana. Thank you, Your Honor. Thank you, counsel. Counsel are excused and the case is submitted.